IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

UNITED STATES OF AMERICA
upon the relation and for the use of the
TENNESSEE VALLEY AUTHORITY,

    Plaintiff,

v.                                            Case No. 1:25-cv-01046-JDB-jay

EASEMENTS AND RIGHTS-OF-WAY
OVER 8.62 ACRES OF LAND, MORE OR
LESS, IN HENDERSON COUNTY,
TENNESSEE; CLASSIC COUNTRY LAND,
LLC; FARMERS & MERCHANTS BANK;
and THOMAS MCCARTHY, TRUSTEE,

    Defendants.

___

ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
___

On February 14, 2025, Plaintiff, the United States of America, upon the relation and for the use of the Tennessee Valley Authority (the "TVA"), initiated this federal condemnation action for the taking of easements and rights-of-way over 8.62 acres of land in Henderson County, Tennessee, for the erection, operation, and maintenance of electric power transmission and communications circuits. (Docket Entry ("D.E.") 1, 15.) The complaint named as Defendants Classic Country Land, LLC ("Classic Country"); Farmers & Merchants Bank; and Thomas McCarthy, trustee. (*Id.*) Prior to the filing of this action, TVA's Realty Services organization retained an independent licensed appraiser to value the compensation owed for the easement rights taken. (D.E. 15 ¶ 7.) The independent appraiser valued the compensation at $22,900. (*Id.*) TVA Manager of Real Property Transactions Ivan J. Antal, II, a licensed appraiser, reviewed the independent appraisal as part of his duties and estimated the compensation to be $24,100. (*Id.* ¶¶

1, 8.)  The Court directed the deposit of $24,100 in accordance with LR 67.1 (D.E. 8) and granted the TVA immediate possession of the property (D.E. 12).

Currently pending on the docket is Plaintiff's motion for summary judgment, pursuant to Rules 56 and 71.1(h)(1) of the Federal Rules of Civil Procedure, identifying two issues to be resolved:  (1) the amount of compensation to be awarded for the rights taken and (2) apportionment of that amount among the Defendants.  (D.E. 16.)  Even though it appears from the record that service was effected upon all the Defendants and that they were specifically served with copies of the motion for summary judgment, no one has appeared or made any filing on their behalf.

"In an action involving eminent domain under federal law, the court tries all issues, including compensation[.]"  Fed. R. Civ. P. 71.1(h)(1).  When the issue of just compensation is not opposed, the district court should "consider the issue in the context of a motion for summary judgment."  *United States ex rel. Tenn. Valley Auth. v. Easements & Rights-of-Way Over 5.28 Acres of Land, More or Less, in Sequatchie Cty., Tenn.*, Case No. 1:24-cv-388, 2025 WL 1287778, at *2 (E.D. Tenn. May 2, 2025); *see also United States for Use of Tenn. Valley Auth. v. 0.005 Acre of Land*. No. 3:21-cv-00249, 2022 WL 446014, at *2 (M.D. Tenn. Feb. 14, 2022) ("[W]hen no defendant has answered, demanded a jury, or raised any objection as to the value of the taking, the issue of just compensation is to be determined by the Court and summary judgment is an appropriate procedure for the Court to adjudicate this issue.").

Rule 56 provides in pertinent part that the district court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  In determining whether summary judgment is appropriate, courts are to "view the evidence presented in the light most favorable to the nonmoving party and draw all justifiable inferences in favor of that party."  *United States v. Real*

*Prop. 10338 Marcy Rd. Nw., Canal Winchester, Ohio*, 659 F. App'x 212, 214 (6th Cir. 2016) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "If the moving party satisfies its initial burden of showing an absence of genuine disputes of material fact, the nonmoving party must then present significant probative evidence to do more than show that there is some metaphysical doubt as to the material facts to defeat the motion." *Id.* (quoting *Ondo v. City of Cleveland*, 795 F.3d 597, 603 (6th Cir. 2015)) (internal quotation marks omitted).

The TVA may take private property for public use in the name of the United States pursuant to 16 U.S.C. § 831c(h). That power is subject to the Fifth Amendment Takings Clause, which prohibits such takings absent "just compensation." *Kirby Forest Indus., Inc. v. United States*, 467 U.S. 1, 9 (1984). In the easement context, the "correct measure of compensation" is "the difference in fair market value of the whole tract before and after the taking." *United States ex rel. Tenn. Valley Auth. v. 1.72 Acres of Land in Tenn.*, 821 F.3d 742, 756 (6th Cir. 2016). The burden of demonstrating the value of property that is the subject of a condemnation proceeding lies with the individual or entity claiming an interest in the property. *United States v. Powelson*, 319 U.S. 266, 273-74 (1943); *1.72 Acres of Land in Tenn.*, 821 F.3d at 756. "When the moving party presents an appraisal by a credentialed property appraiser and the non-moving parties do not contest it, that moving party is entitled to judgment as a matter of law on the issue of just compensation." *Sequatchie Cty., Tenn.*, 2025 WL 1287778, at *2 (quoting *United States ex rel. Tenn. Valley Auth. v. Tree-Removal Rights with Respect to Land in McNairy Cty.*, No. 15-1008, 2015 WL 5499434, at *3 (W.D. Tenn. Sept. 16, 2015)).

TVA has offered in support of its motion Antal's declaration, in which he states that his duties as manager of real property transactions, or in a similar position, "include review of appraisal reports prepared by independent appraisers for the purpose of making recommendations

3

to TVA management about the cost of acquiring new property rights." (D.E. 15 ¶ 1.) He further declares that he has been a licensed Tennessee real property appraiser since 2006 and has personal knowledge of the facts of this case. (*Id.*)

In failing to appear, Defendants have offered no additional evidence as to the value of the property taken. *See* Fed. R. Civ. P. 71.1(e)(3) ("A defendant waives all objections and defenses not stated in its answer."). Plaintiff's motion is appropriately made and supported by Antal's declaration. Accordingly, the Court finds that the movant is entitled to judgment as a matter of law on the issue of just compensation.

"After all other issues are addressed, a district court has authority to order disbursement of funds previously deposited by the condemnor with certain conditions." *Sequatchie Cty., Tenn.*, 2025 WL 1287778, at *3 (quoting *United States ex rel. Easements and Rights-of-Way Over .0543 Acre of Land*, No. 3:22-CV-30-TAV-DCP, 2023 WL 3010172, at *3 (E.D. Tenn. Apr. 19, 2023)). It is undisputed that Classic Country owns the property at issue by virtue of a deed recorded in Deed Book 297, page 515, in the Office of the Register of Henderson County, Tennessee. Farmers & Merchants Bank is the holder of a lien encumbering the property pursuant to a deed of trust recorded in Deed of Trust Book 665, page 377, in the Office of the Register of Henderson County, Tennessee. The deed of trust designates McCarthy as trustee. The Clerk will be directed to disburse to Classic Country the funds to which it is entitled pursuant to a judgment and order disbursing funds to be entered separately.

IT IS SO ORDERED this 21st day of July 2025.

/s J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE